IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ADMINISTRACION DE COMPENSACION POR ACCIDENTES DE AUTOMOVILES,<br><br>**Plaintiff,**<br><br>v.<br><br>INVESCO REAL ESTATE FUND II, L.P., *et al.*,<br><br>**Defendants.** | CIVIL NO. 11-1706 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is plaintiff Adminstracion de Compensacion por Accidentes de Automoviles' ("ACAA") motion to remand this case to the Commonwealth court, (Docket No. 11) and defendants' opposition (Docket No. 17). For the reasons set forth below, plaintiff's motion is **GRANTED** and the Court **REMANDS** this case to the Commonwealth court.

**DISCUSSION**

**I.   Background**

   **A.   Facts**

Plaintiff ACAA is a public corporation of Puerto Rico. (Docket No. 7-1, pp. 1-2, ¶ 1.) Co-defendant INVESCO Institutional N.A., Inc. ("IIN") is a "foreign corporation with principal offices

---

[1] Elizabeth Gray, a second-year student at the University of New Hampshire School of Law, assisted in the preparation of this Opinion and Order.

in Atlanta, Georgia." Id. at p. 2, ¶ 3. Co-defendant INVESCO Real Estate Fund II, L.P. ("INVESCO LP") is a limited partnership of the state of Delaware. Id. at ¶ 2. Plaintiff ACAA alleges that in 2002, IIN managed its investment portfolio. Id. at p. 3, ¶ 5. Around the same time, IIN presented ACAA with an opportunity to invest in INVESCO Real Estate Fund I. Id. at ¶ 6. Prior to investing in the fund, ACAA amended its investment policy to allow capital investment in real estate. Id. at ¶ 8. The investment policy provides, however, that ACAA may only invest a maximum of seven percent of its total investment portfolio in real estate. Id. at ¶ 9. ACAA alleges that the defendants were aware of ACAA's real estate investment limits. Id. at pp. 3-4, ¶ 10. On October 7, 2007, ACAA joined INVESCO LP. Id. at p. 4, ¶ 14. On that date, ACAA entered into a Subscription Agreement and agreed to make a ten-million-dollar contribution. Id.

On May 19, 2011, INVESCO LP served ACAA with a capital demand notice requesting a two million dollar contribution on or before June 9, 2011. Id. at p. 5, ¶ 18. ACAA claims that the contribution would exceed its real estate investment policy were it to comply with that request. Id. at ¶ 19. ACAA alleges that it notified INVESCO LP on June 3, 2011 that it would not make the contribution pursuant to its rights under Section 3.8(a) of the Agreement of Limited Partnership. Id. at pp. 5-7, ¶¶ 21, 22. Section 3.8(a) provides a limited partner with a Limited Opt-Out

Right.  (Docket No. 12-1, p. 26.)  This right affords limited partners the option not to participate in "one or more Portfolio Investments and in any item of income, gain, loss, deduction, credit or distribution . . . ."  Id.  According to ACAA, INVESCO LP has not responded to its letter announcing its decision to opt out of the capital contribution.  (Docket No. 7-1, p. 8, ¶ 24.)

### B. Procedural History

On June 17, 2011, plaintiff ACAA sued INVESCO LP and IIN in the Puerto Rico Court of First Instance, San Juan Superior Division (Civil No. KPE 11-2442 [907]).  (Docket No. 7-1.)  ACAA sought a declaratory judgment to validate its right to elect the Limited Opt-Out Right.  Id. at p. 8, ¶ 26.  ACAA also sought a preliminary injunction pending the issuance of the declaratory judgment.  Id.  On July 20, 2011, defendants removed the case to this Court, alleging that federal jurisdiction was present (1) because defendant INVESCO LP was a nominal defendant, and as such, its citizenship should be disregarded when determining diversity of the parties, (2) because this Court has original jurisdiction and, (3) because the statutory requirements for removal were met.  (Docket No. 1, pp. 2-10.)

Subsequently, plaintiff ACAA filed a motion to remand the case to the Commonwealth court on August 23, 2011.  (Docket No. 11.)  ACAA argues that (1) complete diversity does not exist because INVESCO LP is a resident of Puerto Rico, (2) INVESCO LP was

not fraudulently joined,[2] (3) INVESCO LP is not a nominal party, and (4) a forum selection clause restricts jurisdiction to the Commonwealth courts.  Id. at pp. 4-8.

On September 9, 2011, the defendants filed an opposition to plaintiff's motion to remand, responding that (1) there is complete diversity between the real parties in interest and (2) the forum selection clause does not preclude removal.  (Docket No. 17.) The Court will address each argument in turn.

## II.  Standards

### A.  Removal

A defendant may remove a case to federal court only when the action could have originally been filed in federal court. 28 U.S.C. § 1441.  When a notice of removal is presented, "defendants have the burden of showing the federal court's jurisdiction."  See, e.g., Danca v. Private Health Care Sys., 185 F.3d 1, 4 (1st Cir. 1999) (citing BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997)).  If there are any doubts about the propriety of the removal, however, "all doubts should be resolved in favor of remand."  Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990) (quoting Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987)).

---

[2] The plaintiff has mis-characterized the defendants' nominal party argument as one of fraudulent joinder.  The Court only addresses the nominal party argument.

### B.   Federal Diversity Jurisdiction

Federal courts have original jurisdiction over cases where the "matter in controversy exceeds the sum or value of $75,000 and is between" diverse citizens.  28 U.S.C. § 1332. Removal based upon "diversity jurisdiction requires complete diversity of citizenship."  ConnectU LLC. v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (internal citation omitted).  The burden to demonstrate federal jurisdiction rests upon the party that asserts it.  Bull HN Info. Sys. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000).

The Court will first determine if the plaintiff's claim satisfies complete diversity.  Then the Court will determine if INVESCO LP is a nominal defendant.  Finally, the Court will consider if the forum selection clause mandates the forum for the claim.  As an initial matter, the Court finds that the plaintiff's claim meets the requisite amount in controversy because the amount is not disputed by the parties.  See Esquilin-Mendoza v. Don King Prods., Inc., 638 F.3d 1, 4 (1st Cir. 2011) (citing Barrett v. Lombardi, 239 F.3d 23, 30) (1st Cir. 2001) ("[T]he amount specified by the plaintiff controls, as long as that amount is asserted in good faith.")).

**III. Legal Analysis**

    **A.    INVESCO LP is a Citizen of Puerto Rico**

The plaintiff first argues that defendant INVESCO LP is a citizen of Puerto Rico and thus complete diversity does not exist. (Docket No. 11.) The defendants do not dispute INVESCO LP's citizenship. (Docket No. 2, p. 3.) In a suit "by or against" an unincorporated entity, diversity jurisdiction is determined by the "citizenship of 'all the members' . . . ." Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990) (internal citations omitted). It is undisputed that ACAA is a citizen of Puerto Rico. (Docket No. 17, p. 2.) Further, INVESCO LP is a limited partnership in which ACAA is a limited partner. (Docket Nos. 17, pp. 2-3 & 7-1 p. 2, ¶ 2.) Thus, INVESCO LP is a citizen of Puerto Rico. See Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) ("The citizenship of an unincorporated entity, such as a partnership, is determined by the citizenship of all of its members.") (internal citations omitted). The Court will now determine if INVESCO LP is a nominal party.

    **B.    Nominal Party Analysis**

        **1.    Defendants' Arguments Regarding Nominality are Misguided**

Next, plaintiff argues that INVESCO LP is not a nominal party because the allegations in the complaint are directed to the partnership. (Docket No. 11, p. 7.) The defendants respond

Civil No. 11-1706 (FAB)                                                    7

that INVESCO LP is a nominal party[3] because plaintiff ACAA's claims are direct as opposed to derivative claims for injuries to the limited partnership. (Docket No. 17.) They also argue that it is the general partner who has failed to respond to the plaintiff's inquiry and not the partnership. Id. at pp. 5-6. The defendants' arguments are misguided in several ways. First, the characterization of a claim as direct versus derivative has no bearing on nominality, and only limited implications for indispensability. See Gabriel v. Preble, 396 F.3d 10, 13 (1st Cir. 2005) ("characterization [as a derivative action] has consequences. Pertinently, it means that the corporation is an indispensable party within the meaning of Fed. R. Civ. P. 19 (which requires the joinder of parties 'needed for just adjudication')"); Lenz v. Assoc. Inns & Rests. Co. of Am., 833 F.Supp. 362, 379 (S.D.N.Y. 1993) ("in a direct individual or representative action brought by a limited partner against general partners, the limited partnership itself **may** be dropped from the action or disregarded for diversity purposes.") (emphasis added). Second, the defendants cite to legal

---

[3] A nominal party is defined as

> "[a] party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects." Black's Law Dictionary (9th ed. 2009), party.

Civil No. 11-1706 (FAB)                                                    8

authority to support their contention that INVESCO LP is a nominal party that is completely inapposite to the facts in the present case.  See, e.g., Buckley v. Control Data Corp., 923 F.2d 96, 98 (8th Cir. 1991) (finding that appellants' derivative claims indicate that the limited partnership is an indispensable party.); Blasberg v. Oxbow Power Corp., 934 F.Supp. 21, 23 (D. Mass. 1996) ("In a derivative action the party on whose behalf a suit is brought (the party through which the claim derives) is indispensable."); Lenz, 833 F.Supp. at 379 ("in a derivative action brought by a limited partner, the limited partnership is an indispensable party.").  Lastly, the defendants' argument that the general partner's inaction supports a finding of nominality is not applicable, because the actions of parties other than the alleged nominal party have no effect on the nominality analysis.  The Court will now address the established nominal party analysis.

    **2.  INVESCO LP is not a Nominal Party**

It has long been established by the Supreme Court that "'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." Navarro Sav. Ass'n. v. Lee, 446 U.S. 458, 460 (1980) (internal citations omitted).  "Nominal or formal parties" are not considered when determining jurisdiction.  Id. at 461.  The First Circuit Court of Appeals has found that an unincorporated entity was not a nominal party if it has an "[] interest in the

Civil No. 11-1706 (FAB)                                              9

controversy." Bishay v. Am. Arbitration Assoc., 221 Fed. Appx. 3, 4 (1st Cir. 2007); see also U.S. v. Tropical Fruit, S.E., 96 F.Supp.2d 71, 83 n.9 (D.P.R. 2000) (finding that partnerships may "sue and be sued" pursuant to Puerto Rico law). The District Court of Puerto Rico has categorized "[a] real party in interest [as] one who has a substantial interest in the outcome of the litigation." Ortiz Mercado v. P.R. Marine Mgmt., Inc., 736 F.Supp. 1207, 1212 (D.P.R. 1990) (internal citations omitted).

INVESCO LP is a real party to the controversy and not merely a nominal party. See Navarro Sav. Ass'n., 446 U.S. at 460. A judgment in INVESCO LP's favor would provide the partnership with two million dollars in capital. (See Docket No. 7-1, p. 5, ¶ 18.) Furthermore, the judgment directly affects INVESCO LP's ability to perform its purposes and powers which are detailed in section 2.4 of the Agreement of Limited Partnership. (See Docket No. 12-1, p. 18.) Given that INVESCO LP has a financial interest in the controversy, and a judgment for or against INVESCO LP will have a substantial effect on the partnership, INVESCO LP is not a nominal party. See Bishay, 221 Fed.Appx. at 4 (finding that a party was not nominal because it stood to gain an arbitration award). Thus, there is not complete diversity because INVESCO LP's citizenship should be considered to determine jurisdiction. See Suarez & Co., v. Bacardi Int'l. Ltd., Nos. 11-1858, -1871, 2011 U.S. Dist. LEXIS 140986, at * 11 (D.P.R.

Civil No. 11-1706 (FAB)                                                10

Dec. 5, 2011) ( "As long as the claims are real and the parties are not nominal, the citizenship of each named defendant must be analyzed in order to determine diversity.") (internal citations omitted).

### C. Forum Selection Clauses

Lastly, plaintiff argues that the forum selection clauses in the subscription and partnership agreements determine the applicable jurisdiction. (Docket No. 11, pp. 7-8.) The defendants respond that the forum selection clauses are (1) not applicable to the named defendants and (2) if they are applicable, they are merely permissive. (Docket No. 17, pp. 6-7.) Having determined that the Court does not have subject matter jurisdiction over the claim because complete diversity is not present, the Court finds it unnecessary to determine whether the forum selection clauses are applicable.

## IV. Conclusion

The Court has determined that complete diversity does not exist because ACAA and INVESCO LP are both citizens of Puerto Rico and INVESCO LP is not a nominal party. Accordingly, because the Court does not have subject matter jurisdiction, the Court **GRANTS** plaintiff's motion to remand to state court. This case is **REMANDED** to the Court of First Instance of Puerto Rico, San Juan Superior Division. Judgment shall be entered accordingly.

Civil No. 11-1706 (FAB)                                                11

The remaining motion pending before the Court, Docket No. 12, is mooted by the remand and accordingly is terminated.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 22, 2012.

                                        <u>s/ Francisco A. Besosa</u>
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE